BRANDEE J.K. FARIA #6970
1164 Bishop Street, Suite 933
Honolulu, Hawaii 96813
Telephone: (808) 523-2300
Facsimile: (808) 697-5304
E-mail: brandee@farialawfirm.com

Attorney for Plaintiffs,
NAKEYCIA CASHAW, JAMES
BUECHLER, BOBBI OHUMUKINI,
on behalf of themselves and all others
similarly situated,

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NAKEYCIA CASHAW, JAMES BUECHLER, BOBBI OHUMUKINI, on behalf of themselves and all others similarly situated, | Civil Action No. 22-289 |
| Plaintiffs, | **CLASS ACTION COMPLAINT**; DEMAND FOR JURY TRIAL |
| vs. | |
| ROMANO'S MACARONI GRILL and REDROCK PARTNERS, LLC, | |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiffs Nakeycia Cashaw, James Buechler, and Bobbi Ohumukini, on behalf of themselves and all others similarly situated, complain and allege upon information and belief based, among other things, upon the investigation made by Plaintiffs and through their attorneys as follows:

## NATURE OF ACTION

1.      This is a proposed class action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant Romano's Macaroni Grill ("Macaroni Grill") and its parent company, Redrock Partners, LLC, arising from their deceptive and untruthful menu prices offered to consumers on food orders.

2.      To appeal to consumers in a crowded food marketplace, Macaroni Grill has promised its customers food items at appealing menu prices on its website, app and in-store. Those prices are false. In fact, all orders incur an additional $2 "Temporary Inflation Fee".

3.      Throughout its stores and on its menus, and like all restaurants, Macaroni Grill provides prominent price displays for each of its products. Reasonable consumers like Plaintiffs understand those are the <u>true and complete prices for the food items</u>, exclusive of government-imposed taxes and discounts that a customer may be eligible for.

4.     Macaroni Grill's menu price representations are false, because the listed prices are not the true cost of food at Macaroni Grill.  In fact, <u>after</u> consumers sit down at the restaurant, customize menu items with sauce, sides, and other specifications, and after the customer has consumed their meal, Macaroni Grill surreptitiously imposes a so called "Temporary Inflation Fee" amounting to $2. This late addition of a so-called Temporary Inflation Fee on receipts substantially changes the menu prices for food items—and disguises the true cost of those items.

5.     Worse, the so-called "Temporary Inflation Fee" is never reasonably disclosed to consumers until it shows up as a line item on their receipts—*<u>after</u> the purchase is complete*. Yet, by burying the Temporary inflation fee between orders of eggplant parmesan and spinach artichoke dip, consumers are misled into believing the fee is a part of their order.

6.     The so-called "Temporary Inflation Fee" is itself a misnomer and a deception.  The additional fee is not for any additional "inflation" related to the purchase of Macaroni Grill food—it is part of the cost of food itself.

7.     Remarkably, Macaroni Grill itself admits as much. On its website that it never provided to customers dining in, Macaroni Grill concedes that the additional fee is part of the cost of the food stating:

> We are in unusual times with significant macroeconomic headwinds that span global supply chain shortages and ever-growing pressure from inflation. These headwinds have significantly impacted our cost of operations and our ability to operate at a high level. Like many others in the industry it would

have been easy to simply raise our menu prices, but we believe these burdens
will eventually pass and as such, we elected to employ a temporary solution
with the $2 fee. This fee helps us partially offset the operational cost increases
and maintain the standards that our guests have come to expect.[1]

The "cost of operations" is, of course, a basic component of *any* price offered by a
business. In sum, even Macaroni Grill agrees the "Temporary Inflation Fee" is
simply part of the cost of its food. As a recent article critiquing Macaroni Grill's
explanation put it, "[a]n alternative explanation is that surcharges that show up on
the check but not the menu are a sneaky way to try to raise prices without losing
customers." Dan Sanchez, *Their Ain't No Such Thing as a Cost-Plus Lunch*,
Foundation for Economic Education (FEE) (June 13, 2022)
https://fee.org/articles/there-aint-no-such-thing-as-a-cost-plus-lunch/ (last accessed
June 17, 2022).

8.     It is false and deceptive for Macaroni Grill to surreptitiously inflate
food prices with a later-added "Temporary Inflation Fee." Macaroni Grill is
imposing a stealth price hike in the form of late-added fee, rather than charging a list
price that reflects actual business costs.

9.     No other similar chain imposes a similar deception on its customers.
Macaroni Grill's double-edged deception—first, touting menu prices that are false;
second, surreptitiously adding a "Temporary Inflation Fee" on customers—gives it

---

[1] https://www.macaronigrill.com/ultility/temporaryfee (last accessed June 21,
2022)

an unfair advantage over honest sellers in the marketplace. The double-edged deception makes it impossible for consumers to comparison shop meaningfully, and hinders the operation of a free and fair marketplace.

10.     When Macaroni Grill, for example, offers "Fettuccine Alfredo" for $15.50 on its app/website or on its restaurant menus, it misrepresents and omits the truth: that "$15.50" pasta order *actually* costs $17.50. This misrepresentation makes it impossible for consumers to comparison shop.

11.     Because the so-called "Temporary Inflation Fee" is added as a matter of course to *all* orders, the "Temporary Inflation Fee" is by definition part of the cost of the food offered. Macaroni Grill obscures the true cost of its food by adding a so-called "Temporary Inflation Fee" that is simply part of the cost of its food.

12.     By falsely marketing food at menu prices that are lower than the true cost of its food to consumers, and without displaying its Temporary Inflation Fee, Macaroni Grill deceives consumers into making food purchases they otherwise would not make.

13.     Macaroni Grill misrepresents, omits and conceals material facts about the true cost of Macaroni Grill food, never once informing consumers in any disclosure, at any time, that the so-called "Temporary Inflation Fee" in fact materially changes the menu prices of the offered food.

14.     Hundreds of thousands of Macaroni Grill customers like Plaintiffs have been charged more for food than the prices listed on Macaroni Grill menus—prices they did not bargain for.

15.     Consumers like Plaintiffs reasonably understand Macaroni Grill's express menu price representations to represent the true cost of ordered food. It is not.

16.     By unfairly obscuring its true food costs, Macaroni Grill deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true food costs on menus.

17.     Plaintiffs seeks damages and, among other remedies, injunctive relief that fairly allows consumers to decide whether they will pay Macaroni Grill's food prices.

## PARTIES

18.     Plaintiff Nakeycia Cashaw is a citizen of Mississippi who resides in Jackson Mississippi. Ms. Cashaw was charged a "Temporary Inflation Fee" in Bakersfield, California.

19.     Plaintiff  James Buechler is a citizen of Maryland who resides in Baltimore, Maryland. Mr. Buechler was charged a "Temporary Inflation Fee" in Honolulu, Hawaii.

20.     Plaintiff Bobbi Ohumukini is a citizen of Nevada who resides in Las Vegas, Nevada. Mr. Ohumukini was charged a "Temporary Inflation Fee" in Summerlin, Nevada.

21.     Defendant Macaroni Grill maintains its principal business offices in Denver, Colorado.  Macaroni Grill regularly conducts business in the District of Hawai'i by operating two Macaroni Grill restaurants in Hawai'i. Macaroni Grill is a division or subsidiary of Defendant Redrock Partners, LLC, whose headquarters are located in Phoenix, Arizona.

## JURISDICTION AND VENUE

22.     This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005.  Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because of the following: (1) the proposed class is comprised of at least 100 members; (2) Plaintiffs are citizens of states other than Hawai'i, making at least one member of the proposed class a citizen of a different state than Defendants who are headquartered in Denver and Arizona; and (3) the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs.

23.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction here and regularly conduct business

in this district. Also, a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in this district.

## COMMON FACTUAL ALLEGATIONS

**A. Macaroni Grill Prominently and Plainly Represents Menu Prices Without Disclosing the Temporary Inflation Fee**

24.     Macaroni Grill prominently features food menu prices in-store, on its website, and on its app.

25.     Such price representations are made via large signs and menus in stores and on the home page and all subsequent pages of the website and app.

**B. Macaroni Grill Omits and Conceals Material Facts About the Costs of Macaroni Grill Food**

26.     The menu price disclosures were false and misleading, and the listed menu prices are inaccurate.

27.     That is because Macaroni Grill applies a $2 "Temporary Inflation Fee" to all orders, and misrepresents what the "Temporary Inflation Fee" is actually for: the cost of the food.

28.     Macaroni Grill's menu price representations are false because the listed prices are not the true cost of food at Macaroni Grill.  In fact, after consumers order menu items based on listed prices and customize those menu items with sauce, sides, and other specifications, and after diners have consumed their meal, Macaroni Grill surreptitiously adds a "Temporary Inflation Fee" of $2 to the receipts for all orders, providing customers no reasonable notice of the fee prior to payment.

29.     In short, the disclosed menu prices are not actually those listed on in-store signs or menus nor the ones listed on the website or app. The *actual* food price is the listed menu price *plus* the hidden "Temporary Inflation Fee" markup applied to all Macaroni Grill orders.

30.     If that were not enough, Macaroni Grill misrepresents the true nature of its menu price inflation by hiding it in a deceptively-named "Temporary Inflation Fee."

31.     Still worse, Macaroni Grill purposefully inconspicuously nestles the Temporary Inflation Fee between menu items that customers actually ordered.

32.     In March 2013, the FTC noted that the failure to disclose fees early on in the purchase process, such as Macaroni Grill's Temporary Inflation Fee, is likely to mislead the public:

> The Federal Trade Commission ("FTC") recognizes that additional fees should be disclosed before the customer "add[s] to shopping cart," and provides credit card information. The FTC also recognizes that where "a product's basic cost (e.g. the cost of the item before taxes, shipping and handling, and any other fees are added on) is advertised on one page," but the seller also intends to add "significant additional fees" on top of the basic cost, the public is likely to be misled. "[T]he existence and nature of those additional fees [should be] disclosed on the same page [as the advertised price] and immediately adjacent to the cost claim, and with appropriate prominence."

*.com Disclosures, How to Make Effective Disclosures in Digital Advertising*, Federal Trade Commission (March 2013) https://www.ftc.gov/system/files/documents/plain-language/bus41-dot-com-disclosures-information-about-online-advertising.pdf (last accessed June 17, 2022).

33.     Defendant's deceptive practices has been the subject of numerous internet articles across the country. A recent Wall Street Journal article noted that:

> Rather than raise menu prices, restaurants are using new fees and surcharges to stick inflation into the fine print . . . fee revenue nearly doubled from April 2021 to April 2022, based on a sample of 6,000 U.S. restaurants that use its platform. The number of restaurants adding service fees increased by 36.4% over the same period.
>
> […]
>
> The practice is similar to shrinkflation, when snack-food companies reduce the size of packaging or portions to make it harder to spot a price increase.
>
> ***The fees are effective in part because unless people are paying close attention, many fail to notice them***. When the bill arrived following a mid-April dinner at Romano's Macaroni Grill, Lizzie Stephens was about to grab her wallet to pay. Instead, she pulled out her phone to Google the "temporary inflation fee" she noticed had been added to her check.
>
> "I was just like—wow, now we're getting fees at a restaurant, too?" said Ms. Stephens, 34 years old, who lives in the Stockton, Calif., area.

J.J. McCorvey, *Restaurants Add New Fees to Your Check to Counter Inflation*, The Wall Street Journal (June 2, 2022), https://www.wsj.com/articles/waiter-theres-a-fee-in-my-soup-11654139870 (last accessed June 22, 2022) (emphasis added).

34.     KHON2, a Hawaii news station, noted of a customer:

> "She saw it on her receipt, a surprise tacking of price of a temporary inflation fee," said Honolulu resident Lana. "She didn't know what that really was, but she paid her bill."

Kristy Tamashiro, *Restaurants forced to charge temporary inflation fees*, khon2, https://www.khon2.com/local-news/restaurants-forced-to-charge-temporary-inflation-fees/ (last accessed June 22, 2022).

35.     Another article notes "waiters are not disclosing this fee to customers in advance, but anyone examining the check at the end of their lunch or dinner will find the $2.00 temporary inflation fee . . . it would be more transparent, less sneaky, and would avoid the feeling of being strong armed for $2 to raise prices instead." Juergen T. Steinmetz, *Macaroni Grill is Setting a New Trend in Adding "Inflation Fees" to Checks*, eTurboNews, https://eturbonews.com/macaroni-grill-is-setting-a-new-trend-in-adding-inflation-fees-to-checks/#:~:text=This%20is%20disclosed%2C%20but%20most,the%20%242.00%20temporary%20inflation%20fee (last accessed June 21, 2022).

36.     A Foundation for Economic Education article critiqued Macaroni Grill for its $2 Temporary Inflation Fee "nestled inconspicuously between the $4.50 Flavored Tea and the $14.00 Spinach & Artichoke Dip." Dan Sanchez, *Their Ain't No Such Thing as a Cost-Plus Lunch*, Foundation for Economic Education (FEE) (June 13, 2022) https://fee.org/articles/there-aint-no-such-thing-as-a-cost-plus-lunch/ (last accessed June 17, 2022).

37.     Another article warns consumers to "consider taking a closer look" next time they get a receipt from Macaroni Grill. Kelly Tyko, *Restaurants layer on new fees to counter inflation*, Axios (June 6, 2022), https://www.axios.com/2022/06/06/restaurant-fees-fuel-surcharge-inflation (last accessed June 22, 2022).

38.     Others took to social media to voice their concern:



39.     It is false and deceptive for Macaroni Grill to surreptitiously inflate menu prices with a later-added "Temporary Inflation Fee" on orders. Macaroni Grill is imposing a stealth price hike in the form of an added fee, rather than charging a list price that reflects actual business costs.

---

[2] https://twitter.com/winsteadscap/status/1495553770612314114 (last accessed June 22, 2022).

40.     Macaroni Grill does not fairly inform consumers of the true costs of its food and it misrepresents its food prices on menus.

## C. Other Restaurant Industry Actors and Macaroni Grill Competitors Disclose Menu Prices Fairly and Expressly

41.     By unfairly obscuring its true food costs, Macaroni Grill deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true food costs.

42.     For example, Macaroni Grill competitors Olive Garden and Buca Di Beppo both offer similar food products. But unlike Macaroni Grill, these competitors fairly and prominently represent their true food prices on menus—and do not surreptitiously inflate menu prices with a mis-named "Temporary Inflation Fee."

## D.     Plaintiff Nakeycia Cashaw's Experience

43.     On or around June 2022, Plaintiff Nakeycia Cashaw walked in and relying on listed menu prices, ordered food at Macaroni Grill located in Bakersfield, California, for the total amount of $45.85:

Check#: 2188127
Reprint #: 1
Order: DineIn
Area: Dine In

ROMANO'S Macaroni Grill
Please let us know how your visit was!
Facebook/Google/Yelp
Tonya Hemingway G.M.
661-588-2277

| Iced Tea | $3.00 |
| Iced Tea | $3.00 |
| Temporary Inflation Fee | $2.00 |
| Chicken Parmesan | $18.50 |
| Dinner Unlimited Soup or Salad | $3.00 |
| Dinner Unlimited Soup or Salad | $3.00 |
| Lasagna Bites | $10.00 |
| **Subtotal** | $42.50 |
| Total Taxes | $3.35 |
| **Total** | **$45.85** |

BALANCE DUE $45.85

44.     As part that purchase, and without her knowledge, Ms. Cashaw was assessed a $2 Temporary Inflation Fee hidden in the middle of her receipt.

45.     At no time prior to her purchase was Ms. Cashaw made aware that the $2 Temporary Inflation Fee would be added to her purchase.

46.     Accordingly, at no time prior to her purchase did Ms. Cashaw realize that Macaroni Grill would furtively affix a price increase on her transaction.

47.    Had Ms. Cashaw known that the Temporary Inflation Fee would be assessed on her purchase, she would not have dined at Macaroni Grill.

**E.    Plaintiff James Buechler's Experience**

48.    On March 30, 2022, Plaintiff James Buechler walked in and relying on listed menu prices, ordered food at Macaroni Grill located in Honolulu, Hawaii, for the total amount of $36.55:



49.    As part that purchase, and without his knowledge, Mr. Buechler was assessed a $2 Temporary Inflation Fee.

50.    At no time prior to his purchase was Mr. Buechler made aware that the $2 Temporary Inflation Fee would be added to his purchase.

51.     Accordingly, at no time prior to his purchase did Mr. Buechler realize that Macaroni Grill would furtively affix a price increase on his transaction.

52.     Had Mr. Buechler known that the Temporary Inflation Fee would be assessed on his purchase, he would not have dined at Macaroni Grill.

**F.     Plaintiff Bobbi Ohumukini's Experience**

53.     On June 7, 2022, Plaintiff Bobbi Ohumikini walked in and relying on listed menu prices, ordered food at Macaroni Grill located in Summerlin, Las Vegas, for the total amount of $65.94:



54.     As part that purchase, and without his knowledge, Mr. Buechler was assessed a $2 Temporary Inflation Fee hidden in the middle of his receipt.

55.     At no time prior to his purchase was Mr. Buechler made aware that the $2 Temporary Inflation Fee would be added to his purchase.

56.     Accordingly, at no time prior to his purchase did Mr. Buechler realize that Macaroni Grill would furtively affix a price increase on his transaction.

57.     Had Mr. Buechler known that the Temporary Inflation Fee would be assessed on his purchase, he would not have dined at Macaroni Grill.

## CLASS ALLEGATIONS

58.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this action on behalf of themselves and Classes of similarly situated persons defined as follows:

> **Hawai'i Class:**
> All persons in Hawai'i who, within the applicable statute of limitations preceding the filing of this action, made a purchase at a Macaroni Grill restaurant and were charged a Temporary Inflation Fee.
>
> **Nationwide Class:**
> All persons who, within the applicable statute of limitations, made a purchase at a Macaroni Grill restaurant and were charged a Temporary Inflation Fee.

59.     Excluded from the Classes are Defendants, any entities in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families, and the

presiding judge(s) in this case and their staff. Plaintiffs reserve the right to expand, limit, modify, or amend this class definition, including, without limitation, the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

60. **Numerosity**: At this time, Plaintiffs do not know the exact size of the Classes; however, due to the nature of the trade and commerce involved, Plaintiffs believe that the Class members are well into the thousands, and thus are so numerous that joinder of all members is impractical. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery in the possession of the Defendants.

61. **Commonality**: There are questions of law or fact common to the Classes, which include, but are not limited to, the following:

    a.    Whether during the class period, Defendants deceptively represented menu prices on food ordered in-store or through the Macaroni Grill website and mobile app by failing to disclose its Temporary Inflation Fee;

    b.    Whether Defendants alleged misconduct misled or had the tendency to mislead consumers;

c.     Whether Defendants engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

d.     Whether Defendants' alleged conduct constitutes violations of the laws asserted;

e.     Whether Plaintiffs and members of the Classes were harmed by Defendants' misrepresentations;

f.     Whether Plaintiffs and the Classes have been damaged, and if so, the proper measure of damages; and

g.     Whether an injunction is necessary to prevent Defendants from continuing to deceptively represent the amount of the menu price on food.

62.    **Typicality**:  Like Plaintiffs, many other consumers ordered food from Macaroni Grill, believing menu prices to be accurate based on Defendant's representations. Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and each Class member was injured by Defendant's false representations about the true nature of the menu price. Plaintiffs and the Class have suffered the same or similar injury as a result of Defendant's false, deceptive and misleading representations. Plaintiffs' claims and the claims of members of the Class emanate from the same legal theory, Plaintiffs' claims are typical of the claims of the Class, and, therefore, class treatment is appropriate.

63.	**Adequacy of Representation**:  Plaintiffs are committed to pursuing this action and have retained counsel competent and experienced in prosecuting and resolving consumer class actions.  Plaintiffs will fairly and adequately represent the interests of the Classes and do not have any interests adverse to those of the Classes.

64.	**The Proposed Class and Satisfies the Rule 23(b)(2) Prerequisites for Injunctive Relief**. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole. Plaintiffs remain interested in ordering food from Macaroni Grill; there is no way for Plaintiffs to know when or if Defendants will cease deceptively misrepresenting the cost of its food.

65.	Specifically, Defendants should be ordered to cease from representing inaccurate menu prices and to disclose the true nature of the Temporary Inflation Fee.

66.	Defendants' ongoing and systematic practices make declaratory relief with respect to the Class appropriate.

67.	**The Proposed Class Satisfies the Rule 23(b)(3) Prerequisites for Damages**. The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is

remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive, and equitable relief at issue for each individual Class member.

**FIRST CLAIM FOR RELIEF**
**Violations of Hawai'i Revised Statutes, Chapter 480 Unfair or Deceptive Acts or Practices**
**(Asserted on Behalf of Plaintiffs and the Hawai'i Class)**

68.     Plaintiffs repeat and incorporate all of the preceding allegations as if fully set forth herein.

69.     This claim is asserted on behalf of the members of the Classes pursuant to HRS § 480, *et seq*.

70.     Plaintiffs are consumers as defined by HRS § 480-1.

71.     HRS § 480-2(a), declares unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

72.     Defendants violated HRS Chapter 480 and specifically § 480-2(a), by the conduct alleged above including, but not limited to, employing the unfair and deceptive acts and practices set forth herein. Defendants' conduct of misrepresenting, concealing, suppressing, or otherwise omitting its actual practices created a likelihood of confusion or of misunderstanding.

73.     As redress for Defendants' repeated and ongoing violations of HRS § 480-2(a), Plaintiffs and the Classes are entitled to, inter alia, damages, reasonable attorneys' fees and costs, and declaratory relief, pursuant to § 480-13.

## SECOND CLAIM FOR RELIEF
### Breach of Contract
### (Asserted on Plaintiffs and the Classes)

74.     Plaintiffs repeat and re-allege the above allegations as if fully set forth herein.

75.     Plaintiffs and Macaroni Grill have contracted for food, as embodied in the representations made on Macaroni Grill menus and menu prices.

76.     Macaroni Grill breached the terms of its contract with consumers by charging Temporary Inflation Fees that increased the cost of the food purchased over and above the price listed on menu items.

77.     Plaintiffs and members of the Classes have performed all, or substantially all, of the obligations imposed on them under the contract.

78.     Plaintiffs and members of the Classes have sustained damages as a result of Macaroni Grill's breach of the contract and breach of the implied covenant of good faith and fair dealing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs on behalf of themselves and the Class seeks judgment in an amount to be determined at trial, as follows:

(a)     For an order enjoining Defendants from continuing the unlawful practices set forth above;

(b)     For declaratory and injunctive relief as set forth above;

(c)     For an order requiring Defendants to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above;

(d)     For compensatory damages according to proof;

(e)     For punitive damages according to proof;

(f)     For reasonable attorneys' fees and costs of suit;

(g)     For pre-judgment interest; and

(h)     Awarding such other and further relief as this Court deems just, proper and equitable.

DATED: Honolulu, Hawaii, June 30, 2022.

*/s/ Brandee J.K. Faria*
BRANDEE J.K. FARIA

Attorney for Plaintiffs, NAKEYCIA CASHAW, JAMES BUECHLER, BOBBI OHUMUKINI, on behalf of themselves and all others similarly situated,

## **DEMAND FOR JURY TRIAL**

Plaintiffs Nakeycia Cashaw, James Buechler, and Bobbi Ohumukini, on behalf of themselves and all others similarly situated, hereby demands a trial by jury as to all issues so triable in the above-entitled cause.

DATED: Honolulu, Hawaii, June 30, 2022.

*/s/ Brandee J.K. Faria*

BRANDEE J.K. FARIA

Attorney for Plaintiffs, NAKEYCIA CASHAW, JAMES BUECHLER, BOBBI OHUMUKINI, on behalf of themselves and all others similarly situated,